UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

       v.                                        CR NO. 06-302M (JMF)

**JUAN CRUZ,**

    **Defendant.**

---

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On June 13, 2006, the defendant, Juan Cruz, using the screen name "iwantphatchicks," initiated a conversation via the internet with an undercover Metropolitan Police Department ("MPD") detective.

2. The detective identified himself as a thirteen-year-old girl residing in the District of Columbia.

3. The defendant identified himself as a twenty-six-year-old male residing in Silver Spring, Maryland.

4. During one of the defendant's internet conversations with the undercover officer,

the defendant sent a picture of himself sitting in a chair.

5. Between June 13 and June 27, 2006, the defendant and the undercover officer had four internet conversations. During these conversations, the defendant and the undercover officer discussed sexual intercourse and that condoms needed to be used to avoid pregnancy. The undercover officer told the defendant that she was a virgin. Defendant replied that he would "take it easy on her."

6. On June 27, 2006 at 7:00 a.m., the defendant initiated contact with the undercover officer through "Instant Messenger" and made arrangements to meet the undercover officer at the Rhode Island Avenue Metro Station, Northeast, Washington, D.C. at 9:10 a.m. The defendant told the undercover officer that he would be wearing dark pants and a grey shirt, and to meet him at the D8 bus stop.

7. At approximately 10:00 a.m., MPD officers saw the defendant sitting at the DT 18 bus stop, which had an unobstructed view of the D8 bus stop. The defendant was wearing black slacks and a grey shirt.

8. Upon arrest, condoms were found on the defendant.

## REASONS FOR DETENTION

### Eligibility

The government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1)(A), which authorizes the pre-trial detention of a defendant who, like this defendant, is charged with a crime of violence. Since the defendant is charged with traveling from Maryland to the District of Columbia with the intent to engage in illicit sexual conduct, which is considered

a crime of violence, he is elligible for detention under 18 U.S.C. § 3142(f)(1)(A).

## Pertinent Factors

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant in court as required and the safety of the community the court is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Defendant is charged with a crime of violence, specifically, traveling from Maryland to Washington, D.C. to engage in sexual

intercourse with a thirteen-year-old girl.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is a native of El Salvador, and is not a citizen of the United States. Defendant has family and a fiancee residing in Silver Spring, Maryland.

**The weight of the evidence**. The weight of the evidence is substantial. From June 13, 2006 to June 27, 2006, the defendant using the screen name "iwantphatchicks," initiated several conversations via the internet with an undercover MPD detective, who was posing as a thirteen-year-old girl. During one of these conversations, the defendant sent a picture of himself sitting in a chair.

On June 27, 2006, the defendant made arrangements to travel from Maryland to Washington, D.C. to engage in sexual intercourse with the thirteen-year-old girl. The defendant was arrested near the D8 bus stop, where he had arranged to meet the girl. Moreover, the defendant was wearing black slacks, a grey shirt, and carrying condoms as indicated in the internet conversations.

**History relating to drug or alcohol abuse**. Evidence of possible drug or alcohol abuse by defendant was not introduced.

**Record concerning appearance at court proceedings and prior criminal record**. The defendant has no prior criminal record.

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. This crime of violence is a serious one. Over a sixteen day period, defendant progressed far enough, showing his intent of going forward with the act. The

defendant intended to lure a thirteen-year-old girl from the safety of her home and the protection of her family. When the defendant was arrested, at the location he indicated in the chat, officers found condoms on the defendant, indicating his intention to have sex with the child. Based on the nature of the crime, which involves preying on a vulnerable population, there is a high possibility of recidivism.[1] Defendant poses a serious flight risk. The defendant is not a citizen of the United States and he is facing serious charges, with possible statutory rape charges.

    I find, by convincing evidence, that there are no conditions that I could set to reasonably assure this defendant's appearance or that he would not commit new crimes if released. I will, therefore, order that defendant be detained pending trial.

                                                                                   _____
                                                                                   JOHN M. FACCIOLA
                                                                                   UNITED STATES MAGISTRATE JUDGE

Dated:

---

[1] See Patrick A. Langan, Erica L. Schmitt, Matthew R. Durose, Bureau of Justice Statistics, Recidivism of Sex Offenders Released from Prison in 1994 at 7 (2003), *available at* www.ojp.usdoj.gov/bjs/pub/pdf/rsorp94.pdf ("Compared to the 9,691 sex offenders and to the 262,420 non-sex offenders, released child molesters were more likely to be rearrested for child molesting. Within the first 3 years following release from prison in 1994, 3.3% (141 of 4,295) of released child molesters were rearrested for another sex crime against a child. The rate for all 9,691 sex offenders (a category that includes the 4,295 child molesters) was 2.2% (209 of 9,691). The rate for all 262,420 non-sex offenders was less than half of 1% (1,042 of the 262,420).").